463 So.2d 528 (1985)
Nicole CHAPMAN, a Minor, by and through Her Parents and Next Friends, Verna D. CHAPMAN and Kenneth Chapman; Verna D. Chapman and Kenneth Chapman, Individually; and Lawrence B. Rodgers, Esq. and Lawrence Rodgers, P.A., Petitioners,
v.
Jorge GARCIA, M.D.; North Shore Medical Center, Inc.; Florida Patient's Compensation Fund; and Milton Kelner, As Guardian Ad Litem and Attorney Ad Litem for and On Behalf of Nicole Chapman, a Minor, Respondents.
Nos. 84-2361, 84-2362.
District Court of Appeal of Florida, Third District.
February 12, 1985.
Horton, Perse & Ginsberg, and Arnold Ginsberg, Miami, for petitioners.
Lanza, Sevier & O'Connor, and Kevin O'Connor; Milton Kelner, Miami, for respondents.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
*529 FERGUSON, Judge.
On January 26, 1984, defendants Florida Patient's Compensation Fund and Dr. Garcia were heard on motions for summary judgment which set forth as grounds therefor that plaintiffs' medical malpractice claim was barred by the statute of limitations. The court reserved ruling on the motions and instead entered an order, sua sponte, appointing an attorney/guardian ad litem to represent the minor plaintiff, giving as the reason
that in view of the pending Motions [for Summary Judgment], based upon the Statute of Limitations . .. the Court [is] of the opinion that the interests of NICOLE CHAPMAN, the Minor, in this cause, may be adverse to that of the attorneys representing her and her parents and next friends in this cause... .
A simple medical malpractice action was on its way to procedural chaos.
The newly appointed attorney/guardian ad litem filed a "Third Amended Complaint" against counsel for plaintiffs alleging attorney malpractice in permitting the statute of limitations to expire against both defendants, even though the limitations issue had not yet been resolved by the trial court. Plaintiffs' counsel filed a motion to remove the attorney/guardian ad litem alleging that there was no basis for the appointment and that plaintiffs had been denied notice and an opportunity to be heard on the issue of the appointment. Dr. Garcia then filed a motion for disqualification of plaintiffs' counsel on conflict of interest grounds, alleging that due to the new malpractice complaint, the plaintiffs' counsel "will be called as a witness on behalf of his client, and possibly on behalf of himself, on the contested issue of the Statute of Limitations defense." Chaos had struck.
On September 28, 1984, the trial court granted summary judgment in favor of the Florida Patient's Compensation Fund from which a timely appeal was taken.[1] That appeal is pending in this court. (There has yet been no ruling on Dr. Garcia's motion for summary judgment). On the same date the court entered additional orders (1) denying plaintiffs' motion for removal of the attorney/guardian ad litem, and (2) disqualifying plaintiffs' attorney from further representation of the plaintiffs and removing him as counsel of record. Plaintiffs/petitioners seek review by common law certiorari of these latter two orders.
Whether there is a cause of action for attorney malpractice depends initially on whether the medical malpractice claim against the Fund and Dr. Garcia is in fact time-barred. The limitations issue as to Dr. Garcia has not yet been ruled on by the trial court. Moreover, the trial court's determination that the claim against the Fund is time-barred has been appealed, and until this court issues its decision  or until the Florida Supreme Court resolves the issue if further review is sought  the question has not been resolved to finality. See Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982) (on timely appeal by the defendant from an adverse judgment the action continues to have life). And so long as the medical malpractice claim against the defendants remains viable and pending, there can be no cause of action against plaintiffs' counsel for negligently allowing the statute of limitations to expire. See Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981). It was a departure from the essential requirements of law to disqualify plaintiffs' attorney from the action.
More significantly, there is no showing that the statute of limitations defense *530 raised by the defendants creates any adversity between the interests of the parents and the child. A final determination on the issue presented will have the same effect on both of their claims. For this reason it is clear that the appointment and intervention of an attorney/guardian ad litem on behalf of the minor child at this stage of the proceedings will not advance, indeed will thwart, the orderly administration of justice.
Certiorari is granted. The orders disqualifying plaintiffs' attorney and appointing an attorney/guardian ad litem to represent the minor child are quashed.
NOTES
[1] The issue presented in the appeal is the same as was before this court in Fabal v. Florida Keys Memorial Hospital, 452 So.2d 946 (Fla. 3d DCA 1984). The majority there held that for failure to make the Fund a party-defendant to the malpractice action within two years after the cause of action accrued  notwithstanding that the action was commenced timely as against the health care provider  the claim against the Fund was barred by the statute of limitations. This writer dissented. That dissent was adopted in the opinion of a sister court, Florida Patient's Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984), which acknowledged a direct and express conflict with Fabal and a line of other district court cases. We also certified Fabal to the supreme court as presenting a question of great public importance.