475 So.2d 279 (1985)
Lois ADAMS, Appellant,
v.
Bernard SOMMERS, Appellee.
No. 84-1543.
District Court of Appeal of Florida, Fifth District.
September 12, 1985.
Walter A. Ketcham, Jr., of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellant.
Walton B. Hallowes, Jr., of Wells, Gattis, Hallowes & Carpenter, P.A., Orlando, for appellee.
UPCHURCH, Judge.
Lois Adams appeals from a final summary judgment in favor of Bernard Sommers, holding that her action for legal malpractice *280 was barred by the two-year statute of limitations.[1]
In 1977, Lois Adams retained attorney Bernard Sommers for the purpose of planning her estate and establishing a trust for her children. According to Adams, Sommers drafted the trust agreement and advised her to execute a mortgage on her home in the amount of $85,000 and place the mortgage into the trust. Adams claims that Sommers also prepared a satisfaction of mortgage in blank and a cancelled note for her to use at any time to cancel the mortgage.
In 1978, Adams and her former husband instituted divorce proceedings. During this time, a guardian ad litem was appointed for her children. In February of 1979, Adams completed the satisfaction of mortgage and filed it in the public records where the property was located. The guardian ad litem then petitioned Judge Salfi in the dissolution proceedings to declare the satisfaction invalid and to strike it from the public records. On January 15, 1980, Judge Salfi entered an order determining that the mortgage was valid.[2]
On September 23, 1983, Adams filed suit against Sommers for legal malpractice. In her complaint, Adams alleged that Sommers told her that the mortgage was a mere paper transaction and because no consideration had been given, the mortgage could be satisfied at any time at Adams' option. Adams further alleged that the guardian ad litem had petitioned Judge Salfi in the dissolution case to declare the satisfaction to be invalid due to a lack of consideration, that Sommers refused to provide assistance in this matter, and that she had spent considerable sums of money to retain counsel to controvert the petition of the guardian ad litem.
Sommers answered the complaint and raised as an affirmative defense that the matter was precluded by the statute of limitations. Sommers contended that the statute began to run on January 15, 1980, when the order was entered by Judge Salfi determining that the mortgage was valid.
In May, 1984, Adams' deposition was taken. Her testimony here differed somewhat from the allegations in the complaint. Adams testified that she initially filed a copy of the satisfaction of mortgage and that it was her understanding that the satisfaction was set aside by Judge Salfi on the basis that it was a "phony" or "bogus" satisfaction. Adams later found the original satisfaction of mortgage which had been drafted by Sommers and filed it in the public records. According to Adams, this satisfaction of mortgage was later set aside by Judge Mize (apparently in the same dissolution proceeding) because of a lack of consideration. Finally, Adams claimed that Sommers told her that the circuit court had no jurisdiction over the trust and that she first became aware that the mortgage was not proper after her appeal was turned down.
Sommers later moved for summary judgment, claiming that there was no genuine issue of material fact and that the action was barred by the applicable statute of limitations. The trial court granted Sommers' motion holding that Adams' cause of action accrued on January 15, 1980, when Judge Salfi determined that the mortgage was valid and hence was barred by the two-year statute of limitations applicable to legal malpractice actions.
We disagree with the trial court and find that there was a genuine issue of material fact as to when Adams' cause of action for legal malpractice arose. Section 95.11(4)(a) provides that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. This provision has been uniformly construed to mean that the event which triggers the running of the statute of limitations is notice to or knowledge to the injured party that a cause of action has accrued in his *281 favor, and not the date on which the negligent act which caused the damages was actually committed. Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981). Here Adams was certainly aware that the satisfaction of mortgage had been set aside by the circuit court; however, that knowledge alone is not dispositive of when Adams discovered or should have discovered the alleged negligence of her attorney. Adams was only on notice of Sommers' possible negligence at that point and a jury could reasonably find that Sommers' assurances that the circuit court had no jurisdiction over the trust served to allay her concerns about any damages. See Birnholz; Burnside v. McCrary, 382 So.2d 75 (Fla. 3d DCA 1980); Pinkerton v. West, 353 So.2d 102 (Fla. 4th DCA 1977).
In addition, the question of the validity of the satisfaction of mortgage was not finally resolved until October, 1981, when this court rendered its decision and no further review was sought. Had Judge Salfi's order been reversed by this court and the satisfaction of mortgage been upheld, Adams would not have had a legal malpractice action on that ground. Since the trial court's order was appealed, Adams' claim was in effect still viable and thus the statute of limitations would not have run from January 15, 1980. See Chapman By and Through Chapman v. Garcia, 463 So.2d 528 (Fla. 3d DCA 1985); Birnholz.
The cases relied upon by the trial court, Edwards v. Ford, 279 So.2d 851 (Fla. 1973) and Kellermeyer v. Miller, 427 So.2d 343 (Fla. 1st DCA 1983), are distinguishable. In Edwards, the plaintiffs sued their attorneys in 1968 for legal malpractice in drafting a usurious contract. The Florida supreme court held that the cause of action had accrued in 1963 (and thus was barred by the statute of limitations) when the plaintiffs were advised that the contract was probably usurious. Edwards is distinguishable as there the attorneys apparently admitted that the contract was usurious by agreeing to correct its injurious effect, free of charge. In contrast, here Adams testified that Sommers told her that the circuit court had no jurisdiction over the trust which would suggest that the order striking the satisfaction of mortgage would eventually be set aside. Kellermeyer is also distinguishable as there, the plaintiff had suffered damage in 1973, although the amount of damage remained uncertain, but did not file a legal malpractice action until 1978. Here Adams would not have a legal malpractice claim if in fact the satisfaction of mortgage had been upheld. Thus she did not suffer any damage until 1981 when the appeal was finally resolved.
REVERSED and REMANDED.
COBB, C.J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] § 95.11(4)(a), Fla.Stats. (1977).
[2] This decision was appealed after the final judgment of dissolution was entered and was later affirmed by this court in October, 1981. Adams v. Adams, 405 So.2d 810 (Fla. 5th DCA 1981).