520 So.2d 58 (1988)
Abdolhossain HAGHAYEGH and Gholamossain Haghayegh, Appellants,
v.
Clifford P. CLARK, Jr., Clark and Dick, P.A. and Clark, Dick and Lancaster, P.A., Appellees.
No. 87-760.
District Court of Appeal of Florida, Third District.
January 26, 1988.
Rehearing Denied March 8, 1988.
Goldberg, Semet, Lickstein, Morgenstern & Berger and Paul Berger, Coral Gables, for appellants.
Dixon, Dixon, Nicklaus & Valle and Douglas M. McIntosh and Carmen Y. Cartaya, Miami, for appellees.
Before BARKDULL, NESBITT and JORGENSON, JJ.
BARKDULL, Judge.
The appellants sued the appellees for legal malpractice for failing to record in due *59 time a notice of intention to exercise an option on land that the appellants had contracted to purchase. The notice was recorded two days late and in a previous suit[1] the court confirmed that by the failure to timely file the notice of intention, the option lapsed. This decision was affirmed by this court on May 21, 1985. The time for filing the notice of intention to exercise expired on September 4, 1979. The instant action was commenced on June 13, 1984 and the trial court ruled that it was timebarred by the two-year statute of limitations. § 95.11(4)(a), Fla. Stat. (1985).
We reverse and find that the trial court erred in ruling that the statute of limitations had expired. This court has previously held that the statute of limitations does not commence to run until the amount of damages, if any, are ascertained. Airport Sign Corp. v. Dade County, 400 So.2d 828 (Fla. 3d DCA 1981); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981). It has also held that in circumstances such as those disclosed by this record, until there was a final determination by the appellate court that the appellant's option had expired the statute had not commenced to run. See Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986); Chapman By and Through Chapman v. Garcia, 463 So.2d 528 (Fla. 3d DCA 1985).
Therefore for the reasons stated, the summary judgment for the defendants be and the same is hereby reversed and the matter is returned to the trial court for further proceedings.
Reversed and remanded with directions.
NOTES
[1] During the pendency of this matter (which attempted to excuse the delay in the filing of the notice of intention and therefore permit the option to be exercised) the parties entered into an agreement in which the clients agreed not to institute a malpractice action until the matter of the validity of the option was resolved. In exchange, the attorneys agreed to waive the defense of statute of limitations. It was contended in the trial court in the present action, that because the clients instituted the instant action prior to the final appellate review of the prior action, that this voided the agreement and permitted the attorneys to plead the statute of limitations. This argument is without merit as we find the period proscribed by the statute of limitations had never expired and therefore there was no consideration in the first instance for the agreement.