541 So.2d 1232 (1989)
Hugh SAWYER, Appellant,
v.
Richard T. EARLE, Jr., Appellee.
No. 88-980.
District Court of Appeal of Florida, Second District.
February 10, 1989.
Rehearing Denied March 13, 1989.
Alan S. Christner, Jr. of Staack & Christner, Clearwater, for appellant.
Ted R. Manry, III and John W. Campbell of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
RYDER, Judge.
Hugh Sawyer appeals the dismissal of his legal malpractice complaint against Richard T. Earle, Jr. The trial court dismissed the complaint on the ground that the action was barred by the statute of limitations. In affirming the trial court's judgment, we also certify to the Florida Supreme Court that this decision is in direct conflict with decisions of other district courts of appeal on this issue. Art. V, § 3(b)(4), Fla. Const.
On August 9, 1979, Sawyer retained Earle to represent him in a bar grievance *1233 matter. Earle represented Sawyer through his disciplinary hearing on August 19, 1980 and until March 2, 1981, when Sawyer substituted another attorney to replace Earle as his counsel. At the close of the August 19, 1980 disciplinary hearing, the referee announced that he was going to recommend an eighteen-month suspension. The referee served his report on Sawyer's attorney on February 10, 1982.
On June 17, 1982, the Florida Supreme Court approved the findings and recommendations of the referee and suspended Sawyer for eighteen months, effective July 19, 1982. See The Florida Bar v. Sawyer, 420 So.2d 302 (Fla. 1982); cert. denied, 460 U.S. 1043, 103 S.Ct. 1441, 75 L.Ed.2d 798 (1983) Sawyer received a copy of this order on June 28, 1982.
On June 26, 1984, Sawyer filed a complaint alleging various counts of legal malpractice during Earle's representation of him during the 1980 and 1981 disciplinary proceedings. Sawyer subsequently gave deposition testimony that he believed he was being poorly represented during the August 19 hearing and thereafter until he substituted another attorney for Earle in March of 1981. He also testified and provided sworn statements that he suffered a loss of income in 1980 because of Earle's alleged malpractice. Earle filed a motion for summary judgment, arguing that Sawyer's cause of action arose in 1980 when Sawyer claimed he suffered damages because of Earle's alleged negligent acts. The trial court granted Earle's motion for summary judgment, ruling that Sawyer's cause of action arose by more than two years prior to the filing of his complaint.
On appeal, Sawyer argues that his cause of action did not accrue until his damages were ascertained when he learned of his suspension from the practice of law on June 28, 1982. As evidence of when Sawyer discovered his cause of action, Earle points to Sawyer's deposition testimony and sworn statements that he discovered Earle's alleged negligence and suffered damages prior to his actual suspension in 1982, and to the fact that Sawyer changed attorneys in March of 1981 due to his perception of Earle's negligence.
Section 95.11(4)(a), Florida Statutes (1980), (1981) and (1982), provided, in part, that the two-year period of limitations for an action for nonmedical professional malpractice "shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." Some cases which have construed this section, upon which appellant relies, have ruled that a cause of action does not exist until the amount of damages are ascertained or incurred. In Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981), the client knew of his attorney's malpractice (failure to prosecute), but the attorney assured the client that the failure to prosecute issue would ultimately be decided favorably on appeal or that the client could file a new action. Although the trial court denied the motion to dismiss for lack of prosecution, the third district reversed on appeal and the Florida Supreme Court denied certiorari. The client filed his malpractice complaint against the attorney exactly two years after the Florida Supreme Court ruled unfavorably to the client on the failure to prosecute issue. On appeal of the attorney malpractice action, the third district reversed the trial court's summary judgment in favor of the attorney, ruling that although the client was put on notice of the possible malpractice when his case was ordered dismissed by the appellate court for lack of prosecution, such knowledge was not dispositive of the question because the client was only put on notice of the "possible" negligence of his attorneys and not of his injury or damages. Id. at 377. The court then stated that the essential elements of a cause of action accrue when the "last" element necessary to constitute the cause of action occurs. Id.
Subsequently, in Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987), the third district ruled that the period for commencing an action on a claim for alleged legal malpractice based on the loss of a case at trial did not begin to run until the adverse judgment was affirmed on appeal. The court specifically stated that it was following *1234 the fifth district's holding in Richards Enterprises v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986), cause dismissed, 515 So.2d 231 (Fla. 1987) and noted that there were strong indications in other cases that this is the rule, citing Chapman v. Garcia, 463 So.2d 528 (Fla. 3d DCA 1985) and Birnholz. See also Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985) (no damage suffered and statute of limitations did not run until case on appeal was finally resolved, the court rendered its decision, and no further review was sought).
More recently, in Breakers of Fort Lauderdale, Ltd. v. Cassel, 528 So.2d 985 (Fla. 3d DCA 1988), the third district stated that where an attorney improperly failed to settle a lawsuit, the damage occurred and the cause of action accrued at the moment the client incurred the expense of having to continue to defend against a lawsuit that should have been settled. The court distinguished Diaz, 496 So.2d at 239, from Breakers on the ground that Diaz concerned an attorney who had lost a case at trial. The court reaffirmed its holding in Diaz that in such an instance there could be no claim until the trial loss was made final on appeal. Breakers at 986. See also Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988) (statute of limitations does not begin to run until there is a final determination of the case in which the alleged malpractice occurs).
In this case, Sawyer's underlying cause of action is predicated upon Earle's allegedly negligent representation of him in the bar disciplinary proceedings, which eventually culminated in final form in the Florida Supreme Court ordering his suspension. Appellant argues that this case is analogous to those cases where appellate courts have held that a cause of action does not accrue for alleged acts of malpractice during a trial until the case is concluded on appeal. However, we disagree with the holdings of these cases, because they appear to be contrary to the clear and unambiguous language of section 94.11(4)(a) stating that a cause of action accrues when a claimant discovers or should have discovered the malpractice. In this case, the fact that Sawyer claimed he suffered monetary damages from the alleged malpractice in 1980 and replaced Earle as his attorney in 1981 because of same, clearly reveals that Sawyer discovered his cause of action at that time. That Sawyer was not able to determine his exact amount or full extent of damages at that time did not toll the statute of limitations. See Kellermeyer v. Miller, 427 So.2d 343, 346 (Fla. 1st DCA 1983), (citing City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954)). We agree with the court's reasoning in Kellermeyer that there is a distinction between a case where an aggrieved party has knowledge of an act of negligence by another party but where no actual damages have yet occurred and a case where damage has occurred but the amount is uncertain. Kellermeyer at 346-47. This case, as evidenced by Sawyer's own admissions, is within the latter category.
We are bound to follow the clear statutory language of section 95.11(4)(a) which provides Sawyer's cause of action accrued when he discovered his attorney's alleged malpractice. That discovery occurred at the very latest in March of 1981 when Sawyer obtained a different attorney, which was also after Sawyer subsequently claimed he had suffered damages because of the alleged malpractice.
Additionally, we question whether Sawyer's June 1984 complaint was timely filed even if we accepted his argument that the statute began to run when he became aware that his suspension was finalized. Under the 1982 Florida Bar Integration Rules, article XI (hereinafter "Rule"), as now, the Florida Supreme Court had exclusive jurisdiction over attorney disciplinary proceedings, and this jurisdiction was exercised by the chief justice appointing referees to try disciplinary cases. Rule 11.03(3). A party had a right to the Florida Supreme Court's review of the referee's report. Rule 11.09. However, where a party did not seek review, the discipline recommended "shall be the disciplinary measure imposed by the Court" unless the court directed briefing or oral argument. Rule 11.09(3)(f). A party had at least thirty *1235 days after the mailing date of a letter from the referee serving a copy of the referee's report on the respondent and The Florida Bar. Rule 11.09(3)(a). A referee's report became final when no review was timely filed. Rule 11.09(3)(f). In this case, the referee served his report on Sawyer's attorney on February 10, 1982, which allowed Sawyer thirty days to file for review by The Florida Supreme Court. Sawyer did not file for review. Under rule 11.09(3)(f), the referee's report became final in March of 1982. By not seeking review, Sawyer knew or should have known that his suspension would be effective when the supreme court entered its order on the referee's report.
In affirming this case, we certify conflict with those cases from other district courts of appeal which have held that a cause of action for legal malpractice does not accrue until the underlying cause of action has been completed on appellate review.
AFFIRMED.
SCHEB, A.C.J., and THREADGILL, J., concur.