540 So.2d 922 (1989)
Frank A. LANE and Carol P. Lane, Appellants,
v.
PEAT, MARWICK, MITCHELL & CO., Appellee.
No. 87-2232.
District Court of Appeal of Florida, Third District.
April 4, 1989.
*923 Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, for appellants.
Thomson, Muraro, Bohrer & Razook and Jerold I. Budney, Miami, for appellee.
Before BARKDULL, BASKIN, JJ., and JOSEPH P. McNULTY, Associate Judge.
BASKIN, Judge.
Frank and Carol Lane appeal the entry of summary final judgment in favor of Peat, Marwick, Mitchell & Co. [Peat Marwick].[1] The trial court found that the Lanes' cause of action for accountant malpractice was barred by the statute of limitations.[2] We reverse.
Frank and Carol Lane retained the Peat Marwick accounting firm to serve as their tax advisors and to prepare their tax returns for the years 1976 through 1979. On December 30, 1976, Peat Marwick recommended that the Lanes invest in a limited partnership known as Northern Voices, Ltd. The Lanes followed Peat Marwick's recommendation. Peat Marwick attributed various deductions from the Lanes' taxes to the losses sustained by the Northern Voices partnership. On March 17, 1981, the Lanes received a deficiency letter from the Internal Revenue Service [IRS], challenging the deductions Peat Marwick had taken for the Lanes deriving from their Northern Voices investment. Upon receiving the deficiency letter, the Lanes contacted Peat Marwick and were advised that a sound basis for challenging the deficiency letter existed. The Lanes filed a petition to redetermine the deficiency, and when IRS denied their petition, filed suit in the United States Tax Court. On May 9, 1983, the Lanes entered into a stipulation with IRS for the entry of a tax court order; the tax court entered its order on May 9, 1983.
The Lanes commenced an accounting malpractice action against Peat Marwick on February 22, 1985. Peat Marwick moved for summary final judgment, asserting that the statute of limitations began to run when the Lanes received the first notice of delinquency, and therefore, the Lanes' cause of action was barred. The trial court granted the motion and entered summary final judgment; the Lanes appeal.
The issue pertaining to the commencement of the running of the statute of limitations in an accounting malpractice action is one of first impression in this court. Accounting is a profession for purposes of the statute of limitations governing professional malpractice. Pierce v. AALL Ins., Inc., 531 So.2d 84, 87 (Fla. 1988). Causes of action predicated on accounting malpractice are sufficiently analogous to actions based on legal malpractice so that opinions discussing *924 legal malpractice limitations are helpful to our consideration of similar accounting statutes. Those cases inform us that a cause of action for negligence does not accrue until the client knows or should know a cause of action exists. A cause of action for professional malpractice does not arise until "the existence of redressable harm has been established." Diaz v. Piquette, 496 So.2d 239, 240 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987); see also Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988); Richards Enter., Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986); Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985); Kellermeyer v. Miller, 427 So.2d 343 (Fla. 1st DCA 1983); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981); cf. Breakers of Ft. Lauderdale, Ltd. v. Cassel, 528 So.2d 985 (Fla. 3d DCA 1988) (cause of action for negligent failure of attorney to settle lawsuit arises when client learns of revival of suit, not when revived suit reaches judgment, because failure to settle changed only amount of damage ultimately suffered by client); but see Sawyer v. Earle, 541 So.2d 1232 (Fla. 2d DCA 1989).
The Lanes did not suffer redressable harm until the tax court entered judgment against them. Until that time, the Lanes knew only that Peat Marwick might have been negligent; however, if the tax court did not uphold the deficiency, the Lanes would not have a cause of action against Peat Marwick for accounting malpractice. See Haghayegh; Diaz; Richards Enter., Inc.; Adams; Chapman v. Garcia, 463 So.2d 528 (Fla. 3d DCA 1985); Birnholz. Thus, the filing of a lawsuit against Peat Marwick within two years of the entry of the adverse tax court ruling was timely.
We certify conflict with the Second District Court of Appeal in Sawyer v. Earle, 541 So.2d 1232 (Fla. 2d DCA 1989).
Reversed and remanded.
NOTES
[1] Peat, Marwick, Mitchell & Co. is now known as Peat, Marwick, Main & Co.
[2] The statute of limitations applicable to an action for professional malpractice is two years from the time the cause of action is discovered or should have been discovered. § 95.11(4)(a), Fla. Stat. (1985).