565 So.2d 1323 (1990)
PEAT, MARWICK, MITCHELL & CO., Petitioner,
v.
Frank A. LANE, et Ux., Respondents.
No. 74031.
Supreme Court of Florida.
July 26, 1990.
*1324 Parker D. Thomson and Karen Williams Kammer of Thomson, Muraro, Bohrer & Razook, P.A., Miami, for petitioner.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for respondents.
OVERTON, Justice.
This cause is before the Court on petition to review Lane v. Peat, Marwick, Mitchell & Co., 540 So.2d 922 (Fla. 3d DCA 1989), in which the Third District Court of Appeal held that the limitations period for a cause of action for accounting malpractice commenced when the United States Tax Court entered judgment against the Lanes, rather than when the Internal Revenue Service's ninety-day deficiency notice was received by them. In so holding, the Third District Court reversed a summary judgment entered by the trial court in favor of the accounting firm of Peat, Marwick, Mitchell & Co. (Peat Marwick), and it certified conflict with the Second District Court of Appeal's decision in Sawyer v. Earle, 541 So.2d 1232 (Fla. 2d DCA), cause dismissed, 545 So.2d 1368 (Fla. 1989). We have jurisdiction,[1] and we approve the decision of the Third District Court of Appeal.
The relevant facts reflect that Frank A. Lane and Carol P. Lane retained Peat Marwick as their accountants to provide them with tax advice and to prepare their federal income tax returns. In December of 1976, Peat Marwick recommended that the Lanes invest in a limited partnership known as Northern Voices, Ltd. The Lanes invested in that partnership, and, in filing their federal income tax returns for 1976 and 1977, they claimed deductions, on the advice of Peat Marwick, based upon losses of the partnership. On March 17, 1981, the Internal Revenue Service sent the Lanes a "Ninety-Day Letter," or Notice of Deficiency, informing them that it had determined that there were deficiencies in their 1976 and 1977 tax returns because of the claimed deductions for the partnership losses. The letter informed them of the amount of the deficiencies and of the procedures available to them for challenging the IRS's deficiency determination. One of the alternatives available to the Lanes was to challenge the IRS's deficiency determination in the United States Tax Court. Peat Marwick advised the Lanes that it still believed that the deductions were proper, and it advised them to challenge the determination in the tax court. The Lanes followed that advice and filed their challenge on June 8, 1981. Subsequently, the Lanes agreed to the entry of a stipulated order, dated May 9, 1983, which required them to pay a tax deficiency amount agreed to by them and the IRS.
On February 22, 1985, less than two years after the entry of the United States *1325 Tax Court order based on the stipulation, the Lanes filed a complaint against Peat Marwick for accounting malpractice. As one of its affirmative defenses, Peat Marwick asserted that the Lanes' claim was barred by the statute of limitations set forth in section 95.11(4)(a), Florida Statutes (1983).[2] That section provides a two-year limitations period for professional malpractice actions. Peat Marwick moved for summary judgment, arguing that the limitations period had begun to run when the IRS sent the "Ninety-Day Letter" to the Lanes, almost four years prior to the filing of their complaint. The circuit court granted summary judgment. The Third District Court of Appeal reversed, holding that
[a] cause of action for professional malpractice does not arise until "the existence of redressable harm has been established." ...
The Lanes did not suffer redressable harm until the tax court entered judgment against them. Until that time, the Lanes knew only that Peat Marwick might have been negligent; however, if the tax court did not uphold the deficiency, the Lanes would not have a cause of action against Peat Marwick for accounting malpractice.
540 So.2d at 924 (citations omitted) (quoting Diaz v. Piquette, 496 So.2d 239, 240 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987)).
The question to be resolved is whether the commencement of the limitations period in an accounting malpractice action relating to income tax preparation occurs with the receipt of a "Ninety-Day Letter" or with the conclusion of the appeals process, under circumstances where the accountant disagrees with the IRS's determination. While the courts of this state have not expressly addressed this type of question in an accounting malpractice case, they have addressed a similar issue concerning the statute of limitations in legal malpractice actions. We find that the basic principles for all professional malpractice actions should be the same, absent a clear legislative intent to distinguish certain professions in the application of the limitations period.
Accounting is a profession, as we defined a "profession" in our decision in Pierce v. AALL Insurance Inc., 531 So.2d 84 (Fla. 1988). The statute of limitations governing most professional malpractice actions, including those against accountants, is section 95.11(4)(a), Florida Statutes (1989), which states, in pertinent part:
(4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.
Generally, a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act. See Barron v. Shapiro, 565 So.2d 1319 (Fla. 1990); Edwards v. Ford, 279 So.2d 851 (Fla. 1973); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981). In this instance, we must decide when the redressable harm or injury occurred. Was it when the Lanes received the ninety-day letter or when the tax court judgment was entered?
This situation is not unlike attorney malpractice actions. A clear majority of the district courts have expressly held that a cause of action for legal malpractice does not accrue until the underlying legal proceeding has been completed on appellate review because, until that time, one cannot determine if there was any actionable error by the attorney. See Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989); Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988); Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987); Richards Enters., Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986), cause dismissed, 515 So.2d 231 (Fla. 1987); Adams v. Sommers, *1326 475 So.2d 279 (Fla. 5th DCA 1985); Chapman v. Garcia, 463 So.2d 528 (Fla. 3d DCA 1985); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981).
Peat Marwick asserts that any malpractice resulting from the advice which a professional gives concerning tax matters is different from attorney malpractice because any cognizable legal injury with respect to accounting malpractice depends not upon a determination by a court of law but, instead, upon a determination by the IRS. Peat Marwick argues that the Lanes' cause of action accrued when they received their "Ninety-Day Letter" from the IRS, reasoning that at that point the Lanes had sustained a legally cognizable injury. While Peat Marwick maintains that the letter reflected the IRS's conclusive determination that the Lanes had underpaid their federal income tax, it acknowledges that the Lanes had the option to pay the tax owed or to prove that they did not owe the tax by petitioning for a redetermination of the deficiency in the tax court.
In this case, the Lanes chose to appeal the IRS's determination to the United States Tax Court, in accordance with the advice given them by Peat Marwick. We find, consistent with the holdings of numerous attorney malpractice cases, that until their tax court action was final, the Lanes did not have an action for malpractice. We reject Peat Marwick's contention that an IRS deficiency determination conclusively establishes an injury upon which to base a professional malpractice action. If we were to accept that argument, the Lanes would have had to have filed their accounting malpractice action during the same time that they were challenging the IRS's deficiency notice in their tax court appeal. Such a course would have placed them in the wholly untenable position of having to take directly contrary positions in these two actions. In the tax court, the Lanes would be asserting that the deduction Peat Marwick advised them to take was proper, while they would simultaneously argue in a circuit court malpractice action that the deduction was unlawful and that Peat Marwick's advice was malpractice. To require a party to assert these two legally inconsistent positions in order to maintain a cause of action for professional malpractice is illogical and unjustified. Until the tax court determination, both the Lanes and Peat Marwick believed that the accounting advice was correct; consequently, there was no injury. To hold otherwise would mean that an accountant's client would have an action for malpractice as soon as the client received a "Ninety-Day Letter" from the IRS. That result is contrary to common sense and reason. Further, to construe the legislative enactment of the statute of limitations for accounting malpractice in the manner suggested by Peat Marwick would, in our view, be contrary to the legislature's intent in enacting this limitations period.
We note that Peat Marwick continued to assert that its advice was correct after the Lanes received the "Ninety-Day Letter." On that basis, we find that this case can, to a certain extent, be distinguished from the Second District Court of Appeal's decision in Sawyer v. Earle, which the Third District Court of Appeal certified as conflicting with this case. In Sawyer, the plaintiff was an attorney who had hired Earle in August of 1979 to represent him in a bar disciplinary proceeding. After a disciplinary hearing in August of 1980, the referee announced that he was going to recommend an eighteen-month suspension. On March 2, 1981, Sawyer replaced Earle with other counsel, and Sawyer was subsequently disciplined by this Court in June of 1982 in accordance with the referee's recommendation. The Florida Bar v. Sawyer, 420 So.2d 302 (Fla. 1982), cert. denied, 460 U.S. 1043, 103 S.Ct. 1441, 75 L.Ed.2d 798 (1983). Sawyer filed his malpractice action against Earle in June of 1984. The Second District Court of Appeal affirmed the trial court's dismissal of the suit on statute of limitations grounds, and it found that Sawyer's cause of action had accrued when Sawyer dismissed Earle and obtained a different attorney in March of 1981. The district court noted that
the fact that Sawyer claimed he suffered monetary damages from the alleged malpractice in 1980 and replaced Earle as his *1327 attorney in 1981 because of same, clearly reveals that Sawyer discovered his cause of action at that time. That Sawyer was not able to determine his exact amount or full extent of damages at that time did not toll the statute of limitations.
Sawyer v. Earle, 541 So.2d at 1234 (citation omitted). In Sawyer, the client understood and believed that his representation had not been proper in 1981 when he dismissed Earle as his lawyer. In the instant case, however, the Lanes believed that their accountant's advice was correct, and they in fact proceeded on that advice to challenge the IRS's determination.
The instant case is clearly distinguishable from our decision in Edwards v. Ford, 279 So.2d 851 (Fla. 1973), in which the clients sued their attorneys in 1968 for legal malpractice in the drafting of a contract. In Edwards, we held that the cause of action had accrued in 1963, when the clients were advised that the contract was probably usurious. At that time, their lawyers admitted the error and agreed to correct it free of charge. The clients clearly had knowledge of their injury in 1963, and we held that the statute of limitations barred that action. In the instant case, however, Peat Marwick did not acknowledge its error at the time that the Lanes received their "Ninety-Day Letter." Similarly, we find that the First District Court of Appeal's decision in Kellermeyer v. Miller, 427 So.2d 343 (Fla. 1st DCA 1983), does not apply to the situation in the instant case.
We hold that, under the circumstances of this case, where the accountant did not acknowledge error, the limitations period for accounting malpractice commenced when the United States Tax Court entered its judgment. This holding is consistent with the case law established for legal malpractice, and we find no justification for treating accountants differently.
Accordingly, we approve the decision of the Third District Court of Appeal in the instant case. We disapprove the Second District Court of Appeal's decision in Sawyer v. Earle to the extent that it conflicts with this decision.
It is so ordered.
SHAW, C.J., and McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] This section has not been amended since 1983.