616 So.2d 523 (1993)
Daniel CONLEY, Appellant,
v.
SHUTTS & BOWEN, P.A., and Mark Bisbing, Appellees.
No. 92-407.
District Court of Appeal of Florida, Third District.
March 23, 1993.
Rehearing Denied May 11, 1993.
Perse & Ginsberg and Edward Perse, Ratiner & Glinn, Miami, for appellant.
Murai, Wald, Biondo & Moreno and Marianne A. Vos, Miami, for appellees.
Before BASKIN, COPE and GODERICH, JJ.
PER CURIAM.
Daniel Conley appeals an order dismissing with prejudice a legal malpractice action he filed against Shutts & Bowen, P.A., *524 a law firm, and Mark Bisbing, an attorney employed by Shutts & Bowen.
Conley acted as the withholding agent, for Internal Revenue Service [IRS] purposes, in a transaction involving the sale of certain notes and mortgages. Defendants advised Conley concerning his tax obligations as withholding agent. Following completion of the transactions, the IRS conducted an audit culminating in issuance of an examination report finding Conley, as the withholding agent, liable for additional taxes, penalties and interest. Defendants did not acknowledge that their tax advice was incorrect. Subsequently, Conley filed a protest with the IRS appeals division. During the pendency of the IRS appeal, Conley filed a complaint alleging a legal malpractice claim against defendants and seeking damages for additional taxes, penalties and interest assessed by the IRS as well as accountant's and attorney's fees and costs incurred in the IRS proceeding. The parties agreed to abate the malpractice action pending resolution of the appeal. Following resolution of the IRS appeal, Conley filed an amended complaint that deleted the request for damages for amounts assessed by the IRS. Granting defendants' motion to dismiss, the trial court dismissed the amended complaint with prejudice. We affirm.
At issue is whether Conley's amended complaint alleges sufficient ultimate facts to state a cause of action for legal malpractice. See Rios v. McDermott, Will & Emery, 613 So.2d 544 (Fla. 3d DCA 1993); Riccio v. Stein, 559 So.2d 1207 (Fla.3d DCA 1990). The amended complaint alleges: Conley requested tax advice from defendants concerning his obligations as the withholding agent; defendants breached their duty of care by giving him incorrect tax advice; the amounts Conley withheld were based on defendants' advice; the IRS issued a tax letter which assessed additional taxes, interest and penalties against Conley; the IRS claim was resolved following Conley's protest in the appeals division; and defendants' negligence was a legal cause of the IRS proceeding and the attorney's and accountant's fees incurred in connection with that proceeding. The complaint does not contain any allegations concerning the outcome of the IRS appeal; it merely states that the claim was resolved.
Under the facts of this case, the disposition of the appeal is the critical event establishing "the existence of redressable harm." Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla. 1990). Cf. Sharff, Wittmer & Kurtz, P.A. v. Messana, 581 So.2d 906, 908 (Fla. 3d DCA) (Schwartz, C.J., specially concurring) (where parties enter into settlement agreement in accountant malpractice case IRS refund is an "obviously decisive fact."), review denied, 592 So.2d 681 (Fla. 1991). The complaint before us fails to allege whether IRS error or defendants' error was the proximate cause of Conley's losses. Where, as here, Conley appealed the IRS ruling, the allegation that the IRS investigated the transaction and initially issued a tax letter does not establish that defendants neglected a reasonable duty which was the proximate cause of Conley's losses. Clearly, an allegation setting forth the disposition of the underlying proceeding is an ultimate fact that Conley must plead to state a cause of action for legal malpractice against defendants. See Lane, 565 So.2d at 1324; Pennsylvania Ins. Guar. Ass'n v. Sikes, 590 So.2d 1051, 1052 (Fla.3d DCA 1991) ("A reversal of a trial court's order that denies an attorney the opportunity to cure a nonprejudicial defect and enters judgment for the opposing side because of the alleged defect, determines, essentially, that there was judicial error rather than legal malpractice.").
Conley argues that the allegations permit inferences concerning numerous scenarios under which the proceeding could have been resolved in favor of the IRS. "For the purposes of a motion to dismiss for failure to state a cause of action, the allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff." Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla. 1983). Conley, however, does not raise reasonable inferences based on the allegations of the amended complaint: the complaint's allegations *525 do not permit an inference that the IRS found that defendants gave Conley incorrect tax advice. Conley's contention fails because it requires that inferences be drawn from mere speculation rather than from the complaint's allegations. The most reasonable construction of the amended complaint is that the IRS terminated the action based upon a finding that there was no error in Conley's position. After reviewing the amended complaint, we are unable to conclude that the trial court erred in dismissing the complaint.[1] Accordingly, we affirm the order under review.
Affirmed.
BASKIN and GODERICH, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I concur that the trial court acted within permissible discretion in dismissing the amended complaint. The most plausible reading of the complaint, as written, was that the IRS dropped proceedings against Conley because it concluded that Conley's (and the law firm's) legal position was correct. The fact that the IRS brought proceedings against Conley would not give rise to a cause of action for legal malpractice if the law firm's advice was in fact correct. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325-26 (Fla. 1990). Certainly where the amended complaint as written appears to negate the existence of a cause of action, the trial court does not abuse its discretion by granting a motion to dismiss.
Where I part company with the trial court is in the court's granting the motion to dismiss the amended complaint with prejudice. The action was abated while the IRS proceedings were pending. The amended complaint was in substance a supplemental complaint filed after the IRS proceedings concluded. It was the first attempt to state a cause of action after the IRS proceedings ended. There had been no abuse of the privilege to amend. I would reverse so much of the order as entered a dismissal with prejudice. Plaintiff should have a further opportunity to amend to state a cause of action.[1]
NOTES
[1] Although counsel revealed at oral argument that the purchaser of the notes and mortgages ultimately remitted the IRS assessment, that information was not before the trial court. We do not decide whether the dismissal should have been without prejudice or whether amendment of the complaint should be permitted because Conley has not requested such relief.
[1] Conley has represented at oral argument that the claim as to Conley became moot, and the IRS proceeding against Conley was dropped, after the offshore taxpayer paid the tax liability. While this information was not given to the trial court, it illustrates that granting leave to amend would not be futile.