620 So.2d 212 (1993)
Ralph SPIVEY, Appellant,
v.
Edward L. TRADER, Appellee.
No. 91-2898.
District Court of Appeal of Florida, Fourth District.
June 2, 1993.
Rehearing, Clarification, Certification and Rehearing Denied July 19, 1993.
*213 Philip M. Burlington, Edna L. Caruso, P.A., and Lorraine E. Robinson, Easley & Willits, P.A., West Palm Beach, for appellant.
Esther E. Galicia, George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, for appellee.
Rehearing, Clarification, Certification and Rehearing En Banc Denied July 19, 1993.
PER CURIAM.
The appellant, Ralph Spivey, is appealing a final summary judgment holding that the statute of limitations prohibits a legal malpractice action against his former lawyer, Edward L. Trader. We reverse.

FACTS
The amended complaint alleged that Spivey was the sole proprietor of an unincorporated construction firm. On March 1, 1982, he retained Trader for advice regarding incorporation of the construction business. He informed Trader of an accident involving a truck owned by his company, and of a pending personal injury action against him and the driver of the truck arising therefrom. He also sought advice as to whether three parcels of real estate, owned by him and his wife as tenants by the entireties, could be transferred safely into the new corporation without jeopardy of being affected by the personal injury action. Trader told Spivey it would be safe to incorporate the business and transfer the properties into the corporation. Subsequently, Trader incorporated the business, with Spivey a 40% owner of stock, his wife a 40% owner, and his son a 20% owner. Trader then prepared the deed and had the Spiveys transfer the entireties properties to the corporation. On June 30, 1983, a jury in the personal injury action rendered a verdict against Spivey and the driver of the truck in the sum of $254,320.
In January of 1984, the corporation was dissolved with the assistance of another lawyer. All corporate property was conveyed to Spivey and his wife, including the three parcels of real estate. On December 24, 1984, the trial court in the personal injury action entered a final judgment on supplementary proceedings declaring that Spivey's interest in the three parcels, as a 40% owner of stock in the corporation, was subject to execution. Spivey appealed that judgment, but voluntarily dismissed the appeal on May 31, 1985.
Spivey initiated this legal malpractice action on May 20, 1986. Trader moved for summary judgment, arguing that the action should have been brought within two years of the time Spivey realized he may have been given bad advice, which was in January of 1984 at the latest. In a deposition, Spivey admitted he became concerned that the three parcels of property may be subject to the personal injury judgment a *214 few months after the entry of the $254,320 award. These facts are not disputed.

LAW AND ANALYSIS
Section 95.11(4)(a), Florida Statutes (1991), governs actions against lawyers and provides for a two year period in which an action may be brought after such action accrues. In Lane v. Peat, Marwick, Mitchell & Co., 540 So.2d 922 (Fla. 3d DCA 1989), approved, 565 So.2d 1323 (Fla. 1990), taxpayers sued their accountant for malpractice as a result of an Internal Revenue Service (IRS) decision disallowing certain deductions. The firm argued the limitations period commenced when the IRS notified the taxpayers of the disallowance, whereas the taxpayers asserted the period should commence on the date their appeal was rejected in the tax court. The trial court agreed with the accountants. On appeal, the third district court ruled for the taxpayers and stated:
A cause of action for professional malpractice does not arise until "the existence of redressable harm has been established."
* * * * * *
The Lanes did not suffer redressable harm until the tax court entered judgment against them. Until that time, the Lanes knew only that Peat Marwick might have been negligent; however, if the tax court did not uphold the deficiency, the Lanes would not have a cause of action against Peat Marwick for accounting malpractice.
Id. at 924.
Subsequently, the supreme court approved the third district's opinion and stated:
This situation is not unlike attorney malpractice actions. A clear majority of the district courts have expressly held that a cause of action for legal malpractice does not accrue until the underlying legal proceeding has been completed on appellate review because, until that time, one cannot determine if there was any actionable error by the attorney. See Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989); Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988); Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987); Richards Enters., Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986), cause dismissed, 515 So.2d 231 (Fla. 1987); Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985); Chapman v. Garcia, 463 So.2d 528 (Fla. 3d DCA 1985); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981).
* * * * * *
In this case, the Lanes chose to appeal the IRS's determination to the United States Tax Court, in accordance with the advice given them by Peat Marwick. We find, consistent with the holdings of numerous attorney malpractice cases, that until their tax court action was final, the Lanes did not have an action for malpractice. We reject Peat Marwick's contention that an IRS deficiency determination conclusively establishes an injury upon which to base a professional malpractice action. If we were to accept that argument, the Lanes would have had to have filed their accounting malpractice action during the same time that they were challenging the IRS's deficiency notice in their tax court appeal. Such a course would have placed them in the wholly untenable position of having to take directly contrary positions in these two actions. In the tax court, the Lanes would be asserting that the deduction Peat Marwick advised them to take was proper, while they would simultaneously argue in a circuit court malpractice action that the deduction was unlawful and that Peat Marwick's advice was malpractice. To require a party to assert these two legally inconsistent positions in order to maintain a cause of action for professional malpractice is illogical and unjustified. Until the tax court determination, both the Lanes and Peat Marwick believed that the accounting advice was correct; consequently, there was no injury. To hold otherwise would mean that an accountant's client would have an action for malpractice as soon as the client received a "Ninety-Day Letter" from the *215 IRS. That result is contrary to common sense and reason. Further, to construe the legislative enactment of the statute of limitations for accounting malpractice in the manner suggested by Peat Marwick would, in our view, be contrary to the legislature's intent in enacting this limitations period.
Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325-26 (Fla. 1990). We believe the supplementary proceedings against Spivey are analogous to the tax appeal proceedings in Peat, Marwick.
The existence of damages is an essential element to the accrual of a cause of action for legal malpractice. Here, Spivey vigorously contested the fact that the real estate, or his interest therein, was subject to attachment in the personal injury action filed against him personally. Indeed, the facts reveal the property itself was initially protected as entireties property when the personal injury action was brought, then became corporate property, and, finally, became entireties property again. The property apparently was never placed in Spivey's name alone, and it is not entirely clear just how Spivey's interest in the property was determined and made subject to attachment. Moreover, it was not until the property, or at least Spivey's interest therein, was determined to be subject to attachment, via the judgment in the supplemental proceedings, that Spivey actually suffered the injury now claimed. Had the personal injury judgment been satisfied out of other assets,[1] or from the co-defendant, or if the supplementary proceedings had resulted in an outcome favorable to Spivey, no cause of action would have accrued, since no damage would have occurred.
Under Peat, Marwick, we believe the cause of action accrued, at the earliest, at the time the judgment on supplementary proceedings was entered. Spivey then had two years to bring an action. Under this analysis, his May 20, 1986 filing was timely.
We reverse and remand for further proceedings in accord herewith.
ANSTEAD, STONE and POLEN, JJ., concur.
NOTES
[1] There is evidence in the record that Spivey's business had several hundred thousand dollars of other assets.