420 So.2d 302 (1982)
THE FLORIDA BAR, Complainant,
v.
Hugh SAWYER, Respondent.
No. 59080.
Supreme Court of Florida.
June 17, 1982.
Rehearing Denied October 29, 1982.
John A. Boggs, Bar Counsel, Tampa, for complainant.
Donald William Griffin, St. Petersburg, for respondent.
PER CURIAM.
This disciplinary proceeding against Hugh Sawyer, a member of The Florida Bar, is before us on complaint of The Florida Bar and report of the referee. No petition for review has been filed.
The referee made the following findings as to the four counts in the complaint:
As to Count I
That in May of 1979, when Gulf American Corporation was involved in bankruptcy proceedings in Federal Court in Miami, Florida, respondent drafted for his client, Thomas L. Walker, and mailed approximately 30,000 copies of a letter dated May 18, 1979, to most of the record property owners in Golden Gates Estates, a Florida real estate development. The targets of the 30,000 copies of this letter were potential claimants or creditors of Gulf American Corporation (GAC).
The May 18, 1979, letter failed to disclose respondent as the true author of the letter and further the May 18, 1979, letter solicits the employment of respondent to represent the potential creditors of GAC who are record property owners in Golden Gates Estates. None of the targets of the 30,000 copies of the May 18, 1979, letter had previously sought legal services or advice in the GAC matter. Respondent accepted employment by approximately 2,000 property owners having potential claims against GAC.
I further find that respondent's letter of May 18, 1979, failed to disclose an option available to Golden Gates Estates lot owners worked out between GAC and the Federal Trade Commission. This option was an alternative to respondent's suggested course of action.
As to Count II
That on August 2, 1979, respondent caused to be mailed about 30,000 copies of a letter of that date directed to "all property owners in Golden Gates Estates, Collier County, Florida." At that time, less than 3,000 property owners in Golden Gates Estates had previously retained respondent's legal services.
As a result of this letter dated August 2, 1979, respondent accepted legal employment for about 2,100 additional property owners in Golden Gates Estates.
As to Count III
That upon inquiry by the judge presiding over the bankruptcy proceedings, the respondent agreed on August 10, 1979, to hold all money he had received from property owners in Golden Gates Estates in trust and advised the funds were already in escrow.
The funds respondent received from the property owners in Golden Gates Estates were not, on August 10, 1979, being held in a trust account and were not placed in a trust account until October 10, 1979, after the commencement of disciplinary proceedings against respondent.
As to Count IV
That respondent failed to seek and receive permission from his clients, the approximately 3,000 who replied to respondent's May 18, 1979, letter, prior to the mailing of his August 2, 1979, letter and acceptance of employment by an additional 2,100 property owners in Golden Gates Estates. That as a result of GAC's limited assets the addition of another 2,100 or so claimants substantially reduced *303 the potential recovery for each of respondent's clients.
The referee recommends that Sawyer be found guilty of each count in the complaint and that he be suspended from the practice of law for eighteen months and thereafter until he proves rehabilitation.
We approve the findings and recommendations of the referee. Hugh Sawyer is hereby suspended from The Florida Bar for eighteen months, effective July 19, 1982, giving him thirty days to close out his practice and to take the appropriate steps to protect his clients. Costs in the amount of $1,018.96 are assessed against Sawyer.
It is so ordered.
ADKINS, A.C.J., and BOYD, ALDERMAN, McDONALD and EHRLICH, JJ., concur.