499 So.2d 62 (1986)
Jesse E. GRAHAM, Appellant,
v.
Roger W. HOLLER, Jr., Appellee.
No. 86-130.
District Court of Appeal of Florida, Fifth District.
December 24, 1986.
James M. Talley of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant.
Ronnie H. Walker, Melvin B. Wright and W. Gregory Lockeby of Walker, Miller & Ketcham, P.A., Orlando, for appellee.
COBB, Judge.
Jesse E. Graham appeals the judgment below awarding appellee/plaintiff, Roger W. Holler, Jr., damages in a legal malpractice action against Graham. Graham contends the trial court erred in failing to grant a directed verdict in his favor based on a statute of limitations defense[1] and in awarding Holler certain attorneys' fees as damages.
Holler sued his former attorney, Graham, on June 27, 1984, alleging that Graham committed malpractice in June, 1979, by failing to obtain a close-out abstract which would have revealed a deed filed immediately prior to closing. Holler further alleged that this resulted in his *63 receiving clear title to only an undivided one-third interest in certain real property, rather than the entire interest for which he had contracted. Had Graham caught the title problem in time, Holler would have been presented with the option of retaining his money or proceeding to close and pursue collateral litigation against the third-party grantees. In point of fact, when the snafu was first discovered Holler was offered his money back by the sellers and declined, electing to pursue the collateral litigation in an effort to obtain clear and undivided ownership of the entire property. Consequently, no damage ensued to Holler as a result of Graham's mistake.
Moreover, since the collateral litigation, irrespective of its outcome, could not have negated Graham's delinquent act (assuming, arguendo, that damages had resulted from it), that litigation did not toll the running of the malpractice statute of limitations. Cf. Richards Enterprises, Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986).
REVERSED.
ORFINGER, J., and JOHNSON, W.C. Jr., Associate Judge, concur.
NOTES
[1] Section 95.11(4)(a), Florida Statutes (1985), provides that the statute of limitations for a professional malpractice action is two years.