583 So.2d 1074 (1991)
Durlene J. DRAKE, Appellant,
v.
Gary C. SIMONS, et al., Appellees.
No. 90-2162.
District Court of Appeal of Florida, Fifth District.
July 11, 1991.
Rehearing Denied August 20, 1991.
J. Avril of Perenich, Carroll, Perenich & Avril, P.A., Clearwater, for appellant.
Philip T. King, Jr. and Linda S. Bols of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, Orlando, for appellees Gary C. Simons and Savage, Krim, Simons, Fuller & Ackerman, P.A.
COBB, Judge.
The sole issue on this appeal concerns an alleged incident of attorney malpractice and the applicable statute of limitations. An amended complaint was filed by Drake on July 27, 1990,[1] claiming that Simons and his professional association were negligent in representing her interests in a dissolution action against her former husband.[2]
Simons, in a successful attempt to dismiss the amended complaint, argued that *1075 the statutory time period within which to bring a legal malpractice action was two years and since the complaint filed by Drake apparently acknowledged she knew of all the facts giving rise to the malpractice claim on or prior to July 8, 1987, the 1990 malpractice complaint should have been barred.
Section 95.11(4)(a), Florida Statutes (1989), which is the applicable statute of limitations governing actions against attorneys for malpractice, does not begin to run at the time services are rendered by an attorney, but rather when the attorney's act of negligence becomes known or should have been known to the client. Edwards v. Ford, 279 So.2d 851 (Fla. 1973).
In Richards Enterprises, Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986), cause dismissed, 515 So.2d 231 (Fla. 1987) and Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985), we held that a two-year statute of limitations for legal malpractice did not begin to run until a decision adverse to a client, which was the subject of a malpractice action, had been appealed and a decision rendered with no further action taken.[3]
The threshold question can be stated as follows: If the lower court's ruling, which was adverse to the client, was reversed on appeal, would the client still have a legal cause of action for malpractice? Where the response to this question is in the negative, the statute of limitations begins to run at the time an appellate decision is rendered; otherwise, the applicable statute of limitations would begin when the client knew or should have known of the alleged malpractice. In Graham v. Holler, 499 So.2d 62, 63 (Fla. 5th DCA 1986), we phrased the question somewhat differently as: Whether the collateral litigation, depending on its outcome, could have negated an attorney's delinquent act.
In Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990), the Florida Supreme Court affirmed the Third District finding that a cause of action for professional malpractice did not arise until "the existence of redressable harm has been established." Furthermore, the Third District had noted that the clients only knew that the professionals "might have been negligent" because if the tax court did not uphold a deficiency, the client would have no cause of action for accounting malpractice:
We find, consistent with the holdings of numerous attorney malpractice cases, that until their tax court action was final, the Lanes did not have an action for malpractice.
Peat, Marwick at 1326.
In the instant case, a quick review of the claimed negligence reveals that had Drake's appeal been decided in her favor regarding the marital property disposition issue, Drake would not have had any "redressable" cause of action as against Simons. Hence, the applicable statute of limitations could only have started to run on November 9, 1989.
Accordingly, we reverse and remand the cause on the authority of Peat, Marwick, Richards and Adams.
REVERSED AND REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.
NOTES
[1] The original complaint was filed on March 19, 1990.
[2] Drake had previously initiated a legal malpractice action against Simons, et al., on May 6, 1988, but allowed the suit to lapse due to a failure to prosecute. A suit to reopen the dissolution judgment had previously been filed by Drake on July 8, 1987. This action was subsequently dismissed by the trial court on September 19, 1988 and Per Curiam Affirmed by this court on November 9, 1989. See Drake v. Drake, 553 So.2d 226 (Fla. 5th DCA 1989).
[3] See also Zakak v. Broida and Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989); Haghayegh v. Clark, 520 So.2d 58, 59 (Fla. 3d DCA 1988); Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1042 (Fla. 1987); Birnholz v. Blake, 399 So.2d 375, 377 (Fla. 3d DCA 1981).