621 So.2d 748 (1993)
ROGER ZITRIN, M.D., P.A., Appellant,
v.
Donald Kenneth GLASER, M.D., et al., Appellees.
No. 91-3096.
District Court of Appeal of Florida, Fourth District.
June 30, 1993.
Clarification Denied August 13, 1993.
*749 G. Michael Keenan, G. Michael Keenan, P.A., West Palm Beach, for appellant.
Philip D. Parrish, Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee Jonathan L. Shepard.
MOE, LEROY H., Associate Judge.
This is an appeal from an order dismissing a legal malpractice action on the ground that the action was barred by the two year statute of limitations set forth in section 95.11(4)(a), Florida Statutes (1991). We reverse and remand with directions to reinstate the action.
This case began when Roger Zitrin, M.D. (Dr. Zitrin), the appellant, sought injunctive relief against the appellee Donald Glaser, M.D. (Dr. Glaser) for Dr. Glaser's breach of an employment agreement. Appellee Jonathan L. Shepard (Shepard) was Dr. Zitrin's attorney. He prepared the agreement.
Upon the discovery of three material defects in the employment agreement, Dr. Zitrin amended his complaint to assert a cause of action against Shepard for legal malpractice. The new cause of action alleged that Shepard failed to include three requested provisions: (1) a covenant not to compete, prohibiting Dr. Glaser from practicing within five miles of Dr. Zitrin's Delray Beach office; (2) a provision entitling Dr. Glaser to a bonus if he remained in the employment of Dr. Zitrin through the end of the applicable year; (3) a provision for attorney's fees in the event that Dr. Zitrin would have to bring an action against Dr. Glaser to enforce the agreement.
Shepard filed a motion to dismiss the legal malpractice counts, claiming it had been filed past the two year statute of limitations. The trial court granted the motion, finding that Dr. Zitrin's action was time barred because the statute of limitations commenced on November 20, 1987, when Dr. Zitrin and Dr. Glaser executed the agreement. This appeal followed.
Dr. Zitrin contends that the trial court's finding was in error based on one of the following grounds: (1) that the statute of limitations should commence when the underlying cause of action against Dr. Glaser is complete, or, (2) that the statute of limitations did not commence until June of 1990 when Dr. Glaser "breached" the employment agreement.
We agree with Dr. Zitrin's second contention. Section 95.11(4)(a), Florida Statutes (1991) provides in part:
(4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, ... whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.
Dr. Zitrin's first contention, based on Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990), is incorrect. This court agrees with Shepard that Lane, and the cases cited therein, involve "litigational malpractice," or errors committed in the course of litigation which might be changed on appeal. In those cases, the existence of negligence is not determined until the appeal is complete. See Zakak v. Broida & Napier, 545 So.2d 380, 381 (Fla. 2d DCA 1989); Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988). In this case, Shepard has admitted, and it is clear from the face of the agreement, that he failed to include the requested provisions. There is no need to confirm his error on appeal.
As to Dr. Zitrin's second contention, the law is well established that "[g]enerally, a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and *750 the injured party knows or should know of either the injury or the negligent act." Lane, 565 So.2d at 1325 (emphasis added). We find that these two factors were not present when Dr. Zitrin and Dr. Glaser executed the agreement in 1987. Instead, we find that Dr. Zitrin's injury was not established until June of 1990, when Dr. Glaser actually left the employment of Dr. Zitrin. See Kellermeyer v. Miller, 427 So.2d 343 (Fla. 1st DCA 1983). Thus, the statute of limitations commenced in June of 1990, when Dr. Glaser "breached" the agreement.
Accordingly, we reverse the order granting the Motion to Dismiss Dr. Zitrin's legal malpractice action, and remand for further proceedings consistent with this opinion.
STONE, J., concurs specially with opinion.
GUNTHER, J., dissents without opinion.
STONE, Judge, concurring specially.
I concur in reversing because there is no actionable malpractice claim until the client incurs an injury, or knows or should know that there will certainly be resulting damage. However, I do not agree that Peat, Marwick, Mitchell & Co. v. Lane has the limited application indicated by the majority opinion. Rather, in my judgment the reasoning of that opinion also supports our reversing.