670 So.2d 1050 (1996)
Herman ZUCKERMAN, Appellant,
v.
RUDEN, BARNETT, McCLOSKEY, SMITH, SCHUSTER & RUSSELL, P.A., Appellee.
No. 95-1597.
District Court of Appeal of Florida, Third District.
March 13, 1996.
Rehearing Denied April 17, 1996.
*1051 Silver & Waldman, P.A., and Karl C. Madsen and Glen H. Waldman, Miami, and Edward Licitra, for appellant.
Ruden, McCloskey, Smith, Schuster & Russell, and John H. Pelzer and Jerry P. Brodsky, Ft. Lauderdale, for appellee.
Before SCHWARTZ, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellant, Herman Zuckerman ("Zuckerman"), appeals an adverse summary judgment in his legal malpractice suit against appellee Ruden, Barnett, McCloskey, Smith, Schuster & Russell, P.A. ("Ruden Barnett"). We reverse.
Zuckerman retained Ruden Barnett to represent him in a business transaction that included Zuckerman loaning money to a third party in exchange for a promissory note and property mortgage. Ruden Barnett prepared the mortgage, which the third party executed.
One year later, the third party defaulted on the loan. On April 5, 1992, Zuckerman learned that foreclosing on the property would be "problematic" because the third party's wife did not execute the mortgage, even though the subject of the mortgage was homestead property.
Zuckerman retained new counsel and filed a foreclosure action. The third party asserted as an affirmative defense that the mortgage is invalid because the property was homestead property and his wife did not execute the mortgage. The foreclosure action is currently pending in the circuit court.
On April 5, 1994, roughly twenty-one months after Ruden Barnett refused to take an assignment of the mortgage and note, Zuckerman filed suit for legal malpractice. Ruden Barnett moved for summary judgment, arguing that the two-year statute of limitations for malpractice actions had expired. The trial court agreed, finding that Zuckerman's cause of action accrued in April 1992, when he learned of the potential defect in the mortgage, and thus, his action was barred.
On appeal, Zuckerman asserts that the statute of limitations begins accruing only upon the existence of redressable harm, which has yet to be determined. Ruden Barnett argues that the statute of limitations began running when Zuckerman first discovered the alleged malpractice in 1992.
Contrary to Ruden Barnett's assertions, Zuckerman's mere knowledge of possible malpractice is not dispositive of when a malpractice action accrues. See Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985). Rather, the test for determining when a legal malpractice cause of action has accrued is based upon the establishment of redressable harm. Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990); Bierman v. Miller, 639 So.2d 627 (Fla. 3d DCA 1994).
Here, unless Zuckerman is unable to foreclose on the mortgage, he will not have suffered damages proximately caused by Ruden Barnett's alleged failure to obtain the wife's signature on the mortgage. See Bierman, 639 So.2d at 627; Spivey v. Trader, 620 So.2d 212 (Fla. 4th DCA 1993); Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988). Only when the foreclosure action has been entirely resolved will the statute of limitations on the malpractice action begin to run. Adams, 475 So.2d at 279. Thus, Zuckerman's malpractice action is certainly not barred by the statute of limitations.
*1052 Accordingly, the trial court's entry of summary judgment in favor of Ruden Barnett is reversed.
Reversed.