698 So.2d 581 (1997)
Yolanda RAMSEY, Appellant,
v.
William S. JONASSEN, Esquire, Appellee.
No. 96-03059.
District Court of Appeal of Florida, Second District.
July 30, 1997.
Rehearing Denied August 28, 1997.
*582 William H. Winters of Richard Mulholland and Associates, Tampa, for Appellant.
William S. Jonassen, pro se.
QUINCE, Judge.
Yolanda Ramsey challenges the trial court's order granting attorney William S. Jonassen's motion for summary judgment. We find that the trial court incorrectly applied the statute of limitations for malpractice actions. Accordingly, we reverse.
Ramsey hired Jonassen to transfer stock held by Ramsey individually to her and her husband as tenants by the entireties. Subsequently, one of Ramsey's creditors began collection proceedings against her on a previously obtained individual judgment. Following proceedings supplementary, the creditor sought to levy upon the subject stock. Ramsey attempted to prevent the sale but the trial court determined that the stock was held by appellant and her husband as joint tenants, and that Ramsey's share was subject to levy to satisfy the creditor's judgment against her. The trial court's ruling was per curiam affirmed by this court. Ramsey v. Hawley, 641 So.2d 874 (Fla. 2d DCA 1994). Following this court's affirmance, Ramsey sued Jonassen for malpractice. Jonassen moved for summary judgment alleging that Ramsey had failed to file suit within the two year statute of limitations period. The trial court granted Jonassen's motion and entered final summary judgment against Ramsey.
A cause of action for legal malpractice does not accrue until the appellate court has completed its review of the underlying legal proceeding because, until that time, the existence of actionable error by the attorney has not been definitively established. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990); Zuckerman v. Ruden, Barnett, McCloskey, Smith, Schuster & Russell, P.A., 670 So.2d 1050 (Fla. 3d DCA 1996), rev. denied, 679 So.2d 774 (Fla.1996); Segall v. Segall, 632 So.2d 76 (Fla. 3d DCA 1993); Drake v. Simons, 583 So.2d 1074 (Fla. 5th DCA 1991), rev. denied, 592 So.2d 682 (Fla. 1991); Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989).
In this case, the harm to Ramsey was not conclusively established until this court addressed whether the stock was held jointly or as tenants by the entireties. Throneburg v. Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, P.A., 659 So.2d at 1134 (Fla. 4th DCA 1995) (knowledge of actual harm required); Drake, 583 So.2d at 1075 (harm accrues after appellate review when issue on appeal, if decided in appellant's favor, would have revealed attorney's advice to be accurate). This court's affirmance conclusively established that the stock was held jointly not as tenants by the entireties and that the stock was not exempt from levy. Jonassen then became potentially liable for his role in transferring the stock. Ramsey's malpractice claim, brought within two years of this court's affirmance, was within the statute of limitations period for professional malpractice. § 95.11(4)(a), Fla. Stat. (1995).
Because we reverse Ramsey's first point on appeal, we do not address the second point raised in her brief.
SCHOONOVER, A.C.J., and LAZZARA, J., concur.