GERSTEN, Judge.
Appellants Medical Centers of America, Inc. (“MCA”) and Manuel Taracido (“Taraci-do”) appeal an adverse summary judgment. We reverse because the statute of limitations in prior transactional legal malpractice actions begins to run when related third party litigation is concluded.
Appellee law firm, Perez-Abreu, Zamora & De La Fe, P.A., and appellee attorney, Enrique Zamora (hereafter collectively referred to as “attorneys”), represented MCA in a stock sale transaction to Charles Child-ers (“Childers”). Appellant Taracido was an officer, director and half owner of MCA. MCA and Taracido (hereafter collectively referred to as “plaintiffs”) were sued by Child-ers in April of 1990, and eventually settled the case for approximately $235,000 on January 28,1993.
On December 13, 1993, the plaintiffs sued the attorneys alleging that the contracts for the sale of corporate stock to Childers were improperly prepared. The complaint sought damages for the amount of the settlement and the expense of defending the Childers’s litigation.
In response, the attorneys moved for summary judgment contending that no malpractice was committed, and that the two-year statute of limitations had expired. The trial court denied the malpractice aspect, but granted summary judgment on the statute of limitations issue. The trial court determined that the limitations period began when the plaintiffs were served with the third party lawsuit and were advised that the stock purchase agreements failed to adequately protect them.
The test for determining when a cause of action for legal malpractice accrues is whether or not redressable harm has been established. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990); Bierman v. Miller, 639 So.2d 627 (Fla. 3d DCA 1994). Knowledge of potential harm from malpractice is not sufficient to begin the limitations period. See Zuckerman v. Ruden, Barnett, McCloskey, Smith, Schuster & Russell, P.A., 670 So.2d 1050 (Fla. 3d DCA), review denied 679 So.2d 774 (Fla.1996); Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985).
As this Court explained in Bierman v. Miller, 639 So.2d at 628:
No cause of action for legal malpractice “should be deemed to have accrued until the existence of redressable harm has been established.” Diaz v. Piquette, 496 So.2d 239, 240 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1042 (Fla.1987). See also Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla.l990)(cause of action for legal malpractice does not accrue until actionable error by attorney determined), and Segall v. Segall, 632 So.2d 76 (Fla. 3d DCA 1993)(same). Miller filed suit prematurely, as he has not yet suffered redressa-ble harm. One of the central issues in the federal suit is the viability of the severance agreement.... Until the validity of the agreement is decided in federal court there can be no determination in the malpractice action as to whether Bierman was negligent in negotiating and drafting that agreement.
In the present case, the fact that the plaintiffs were served with a lawsuit and advised by counsel of possibile negligence, merely establishes knowledge of potential harm. Such facts do not definitively establish the existence of redressable harm. As explained by the Fourth District in Throne- *43 burg v. Boose, Casey, Ciklin, Lubitz, Martens, McBane & O’Connell P.A., 659 So.2d 1134 (Fla. 4th DCA 1995):
We understand Peat Marwick to draw a distinction between knowledge of actual harm from legal malpractice and knowledge of potential harm. The former begins the limitations period; the latter does not. Legal services, like accounting services, are often subject to differing views among practitioners. Lawyers often disagree with one another on the same transaction. It seems clear to us that Peat Marwick, properly understood, means that the limitations period on claims of legal malpractice should not commence until it is reasonably clear that the client has actuálly suffered some damage from legal advice or services.
Throneburg v. Boose, Casey, Ciklin, Lubitz, Martens, McBane & O’Connell P.A., 659 So.2d at 1136. See also, Ramsey v. Jonassen, 698 So.2d 581 (Fla. 2d DCA 1997)(legal malpractice action does not accrue until existence of actionable error is conclusively established).
Here, it was not clear that the plaintiffs had suffered damage until the conclusion of the shareholder litigation. Damage became apparent once the case was settled. At that time, the attorneys’ negligence in drafting the contracts resulted in actual harm to their former client.
The existence of legal malpractice is often difficult to ascertain. A client should not be placed in the position of having to file a potentially baseless claim prematurely fearing that otherwise an action will be precluded by the statute of limitations. Thus we hold that a cause of action for legal malpractice based upon a prior transaction accrues at the conclusion of subsequent litigation between the client and a third party. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d at 1323; Bierman v. Miller, 639 So.2d at 627; Spivey v. Trader, 620 So.2d 212 (Fla. 4th DCA 1993). Accordingly, the summary judgment entered in favor of the attorneys is reversed, and the case is remanded, for further proceedings.
Reversed and remanded.