PER CURIAM.
Appellant, Kenneth A. Porolniczak, initiated an action against appellees, his attorneys, alleging professional negligence in their representation of him in a marital dissolution proceeding. The undisputed record evidence demonstrated that appellant failed to take any steps to effect service of process upon appellees within 120 days after the filing of the complaint, as required by Florida Rule of Civil Procedure 1.070(i). As a result, the trial court properly dismissed appellant’s case. See Hodges v. Noel, 675 So.2d 248, 249 (Fla. 4th DCA 1996) (“trial court may not exercise its discretion to refuse to dismiss a ease under rule 1.070(i) unless there is record evidence of efforts made at service during the 120 day service period which would support a finding of ‘good cause’ under the rule”). We therefore affirm the trial court’s order.[1]
STEVENSON, J., and MARRA, KENNETH A., Associate Judge, concur.
PARIENTE, BARBARA J., Associate Judge, concurs specially.

. We do not address the question of whether the statute of limitations has run on appellant's claim for professional negligence against appel-lees. See Roger Zitrin, M.D., P.A. v. Glaser, 621 So.2d 748, 749 (Fla. 4th DCA 1993); Zakak v. Broida and Napier, P.A., 545 So.2d 380, 381 (Fla. 2d DCA 1989) (when cause of action for legal malpractice is predicated on errors or omissions committed in course of litigation, statute of limitations does not begin to run until conclusion of that litigation by final judgment, or if appealed, until rendition of final appellate decision).