GREEN, J.
Reynel Clemente appeals the dismissal, with prejudice, of his legal malpractice action against his former legal counsel, ap-pellees, Lawrence N. Freshman, Esq. and Freshman, Freshman & Traitz, P.A. (collectively “Freshman firm”). The basis of the lower court’s dismissal was that this action was time barred by the two year statute of limitation period found in section 95.11(4)(a), Fla. Stat. (1991). We reverse and remand for the following reasons.
According to the allegations of the complaint which we accept as true, on October 7, 1990, Reynel Clemente was severely injured while a passenger on a jet ski which was involved in a boat collision. The owner/operator of the jet ski was *1060 killed in the accident. Clemente retained the Freshman firm which filed suit against both the deceased owner/operator of the jet ski and against the owner/operator of a 21 foot Paramount power boat that was involved in the collision. On February 15, 1991, Clemente settled his claims against the owner/operator of the power boat and executed a general release which released them, their carrier “and all other persons, firms, corporations, associations or partnerships or any other entity connected therewith.” On March 6, 1991, and again through the' Freshman firm, Clemente executed a “Release and Indemnity Agreement” in favor of the deceased owner/driver of the jet ski which released the owner/driver, his carrier, “as well as all others responsible for injuries as a result of the subject accident.”
After the resolution of these claims, Clemente learned, for the first time, that yet a third boat, a 36 foot Trawler, had also been involved in the collision with the jet ski. He retained new counsel, Brent L. Probinsky, Esq., who investigated the matter and filed a negligence suit against the owner/operator of the 36 foot Trawler vessel (hereinafter the “Trawler litigation”). After the Trawler litigation was commenced, the defendant in that case moved for final summary judgment on. the grounds that the terms of the two general releases, executed by Clemente on February 15, 1991 and on March 6, 1991, precluded eleménte from maintaining that suit. At that time, Mr. Probinsky mailed a certified letter to the Freshman firm dated February 22,1994 explaining that a motion for summary judgment had been filed in the Trawler litigation and that the Freshman firm may be liable for malpractice. On November 8, 1994, a final summary judgment was entered in favor of the defendant in the Trawler litigation based upon Clemente’s execution of the general releases. No appeal was taken from this final judgment.
On November 1, 1996, Clemente’s new lawyer, Richard L. Larin, Esq. of Hoffman, Larin and Agnetti, P.A. filed the instant legal malpractice action against the Freshman firm on the grounds that the firm fell below the applicable standard of care by, among other things, not properly investigating the boat collision case to ascertain all responsible parties and by allowing Clemente to execute general releases when there remained a responsible party and an additional cause of action which could be pursued. The complaint further alleged that Clemente would have been successful in the Trawler litigation if he had not been precluded from pursuing it.
On January 12, 1997,'the Freshman firm moved to dismiss the complaint on the grounds, among other things, that it was barred by the two year statute of limitation period contained in 95.11(4)(a). The trial court granted the motion and dismissed this action with prejudice finding that Clemente first sustained redressable harm when he executed the general releases on February 15, 1991 and March 6, 1991. The lower court further found that Clemente knew or should have known of his redressable harm on or about the following dates:
a) September 15, 1992 when Clemente retained and/or had his file reviewed by Brent L. Probinsky, Esq.,' P.A. another plaintiff s firm; and/or
b) September 1992 through July 1993 when Brent L. Probinsky, Esq. filed the “Trawler litigation” for the very things which Clemente alleged that the Freshman firm failed to do; and/or
c) February 9, 1994 when the defendant in the “Trawler litigation” filed a motion for summary judgment on the basis of Clemente’s execution of the general releases; and/or
d) February 22; 1994 when Brent L. Probinsky, Esq. mailed the certified letter to the Freshman firm placing it *1061 on notice of possible malpractice; and/or
e) October 27, 1994 when the motion for summary judgment was granted in the “Trawler litigation.”
When Clemente’s motion for rehearing was denied, he timely perfected this appeal.
On appeal, Clemente argues that the trial court erred in its determination that this action was barred by the two year statute of limitations for professional malpractice. Specifically, Clemente maintains that his redressable harm for legal malpractice did not occur on any of the dates relied upon by the lower court. He argues that he did not first sustain redressable harm until November 9, 1994, the date on which the court in the Trawler litigation entered an adverse final summary judgment against him based upon the general releases. As his legal malpractice claim against the Freshman firm was filed on November 1,1996, he maintains that it was timely filed pursuant to section 95.11(4)(a), Fla. Stat. We agree and reverse.
The statute of limitation period for professional malpractice, other than medical malpractice, is found in section 95.11(4)(a), which provides in pertinent part that:
“WITHIN TWO YEARS — an action for professional malpractice, other than medical malpractice, ... provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.”
Thus, a cause of action for professional negligence, under this statute, does not accrue until redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1324 (Fla.1990); Edwards v. Ford, 279 So.2d 851, 853 (Fla.1973). In claims for legal malpractice, Florida law is well-settled that redressable harm or injury is not established until the underlying legal proceeding giving rise to the malpractice claim has been finalized or completed by appellate review. See Peat, Marwick, 565 So.2d at 1324; Hold v. Manzini, 736 So.2d 138, 142 (Fla. 3d DCA 1999); Taracido v. Perez-Abreu, Zamora & De La Fe, P.A., 705 So.2d 41, 43 (Fla. 3d DCA 1997); Ramsey v. Jonassen, 698 So.2d 581, 582 (Fla. 2d DCA 1997); Throneburg v. Boose, Casey, Ciklin, Lubitz, Martens, McBane & O’Connell, P.A., 659 So.2d 1134, 1136 (Fla. 4th DCA 1995); Drake v. Simons, 583 So.2d 1074, 1075 (Fla. 5th DCA 1991).[1] This is because, until that time, it cannot be determined whether there was any actionable error by the attorney. See Peat, Marwick; see also Hold v. Manzini, 736 So.2d at 142 (stating that “until that time, a legal malpractice claim is hypothetical and, damages are speculative”); Throneburg v. Boose, Casey, et al., 659 So.2d at 1136 (stating that “legal services ... are often subject to differing views among practitioners. Lawyers often disagree with one another on the same transaction”). Mere knowledge of potential harm from malpractice is insufficient to trigger the two year statute of limitations period. See Taracido, 705 So.2d at 41-42; Zuckerman v. Ruden, Barnett, McCloskey, 670 So.2d 1050 (Fla. 3d DCA 1996). McCloskey, Smith, Schuster & Russell, P.A., 670 So.2d 1050, 1051 (Fla. 3d DCA 1996).
Based upon the foregoing authority, we conclude that, in the instant case, Clem- *1062 ente did- not sustain redressable harm or injury from the Freshman’s firm’s representation until November 9, 1994 when the Trawler litigation ended with the entry of an adverse final summary judgment. Until this judicial determination, we think that at best, it could be said that, Clem-ente was merely on notice of potential harm from the Freshman firm’s representation.
The Freshman firm, however, maintains that Clemente sustained redressable harm on February 15, 1991 and March 6, 1991 when he executed the general releases which clearly barred his right to collect further damages from other parties as a result of the boating accident. See, ’e.g., Hurt v. Leatherby Ins. Co., 380 So.2d 432, 433 (Fla.1980); Weatherford v. Ryder Truck Rental and Leasing, Inc., 344 So.2d 937, 938 (Fla. 3d DCA 1977). Although the case law is clear that general releases, such as the ones executed by Clemente, have the legal effect of releasing a joint tortfeasor who is not a party to it, these cases essentially turn on a construction of the intention of the parties. See Alexander v. Kirkham, 365 So.2d 1038, 1039 (Fla. 3d DCA 1979) (citations omitted). Thus, until it was determined in the Trawler litigation that Clemente was precluded from pursuing further claims for his injuries, we are unpersuaded by the Freshman firm’s argument that the terms of the releases themselves were sufficient to start the two year limitations period.
Since Clemente filed the instant action within two years of the entry of the final summary judgment in the Trawler litigation, we conclude that the trial court erred in determining that this cause of action was time-barred. Accordingly, we reverse the dismissal and remand for further proceedings.
Reversed and remanded.

. The Freshman firm’s reliance on Margolis v. Andromides, 732 So.2d 507 (Fla. 4th DCA 1999); Blumberg v. USAA Casualty Insurance Company, 729 So.2d 460 (Fla. 4th DCA 1999); and Russell v. Frank H. Furman, Inc. 629 So.2d 297 (Fla. 4th DCA 1993), for the proposition that this case is barred by the statute of limitations because the action began to run when Clemente brought the Trawler litigation, is misplaced. None of these cases are legal malpractice cases, which, as stated above, require that the underlying legal proceeding giving rise to the malpractice be completed for the statute of limitations to begin to run, and therefore are clearly distinguishable from this case.