DAVIS, Judge.
 

 Rosie C. Diaz challenges the final summary judgment entered in favor of Appel-lees David A. Maney, individually and as an agent for his law firm Maney, Damsker, Jones, Kiely & Kuhlman, P.A., and the firm itself in Diaz’s action for legal malpractice. Because the trial court’s determination as to when the statute of limitations on Diaz’s legal malpractice action began to run is not supported by the record, we reverse.
 

 The underlying litigation arose out of Maney’s representation of Diaz in her volatile relationship with her former husband, Edward C. Rood, which eventually ended in the dissolution of their marriage. Prior to the filing of the petition for dissolution, but after discord developed in the marriage, Diaz retained the services of Maney and his firm. While separated, Diaz and Rood attempted reconciliation through the use of a third-party counselor. During a counseling session, as a gesture of his sincerity in desiring reconciliation, Rood offered Diaz one-half of the inheritance that he would receive upon the death of his father and one-half of the inheritance that he would receive upon the death of his mother. Rood expressed these offers in two handwritten notes, which Diaz took to Maney for counsel on formalizing the agreements. Maney’s firm prepared two documents by which Rood purportedly assigned to Diaz one-half of his “right, title and interest” in his father’s and mother’s estates. Both assignments referenced “good and valuable consideration,” but neither identified the nature of that consideration.
 
 [1]
 

 Rood executed the assignments as prepared and then moved back into the couples’ home; however, seven weeks later, Diaz asked him to move out and filed for dissolution. Maney and his firm represented Diaz throughout the dissolution action. The parties settled the property issues in the dissolution proceeding by the execution of a marital settlement agreement that was adopted by the trial court and incorporated as part of the final judgment of dissolution. The marital settlement agreement did not make any reference to the assignments of Rood’s potential inheritances and included a paragraph in which the parties agreed that the settlement was their only agreement and that it superseded any prior understandings or agreements between them. The final judgment of dissolution was entered April 4, 1996.
 

 Upon the death of Rood’s father in April 2000, Diaz filed a claim with his estate that
 
 *314
 
 was based on Rood’s assignment to her of one-half of his interest in the estate. The estate filed an objection to the claim.
 
 [2]
 
 The record suggests that Diaz then filed a civil action against Rood individually, seeking to enforce the assignment. Rood defended against that lawsuit by arguing that the assignment failed for lack of consideration. The trial court granted Rood’s motion for summary judgment based on “the absence of fair and sufficient consideration from ... Diaz.” This court reversed, concluding “that the trial court applied an incorrect legal standard in determining whether sufficient consideration existed to support the assignment.”
 
 Diaz v. Rood,
 
 851 So.2d 843, 845 (Fla. 2d DCA 2003)
 
 (Diaz
 
 7). On remand, the trial court held an evidentiary hearing and again agreed with Rood that the assignment was void due to a lack of consideration. That final judgment was affirmed by this court.
 
 See Diaz v. Rood,
 
 896 So.2d 754 (Fla. 2d DCA 2005) (table decision)
 
 (Diaz
 
 77).
 

 Diaz then filed the instant litigation, alleging that Maney and his firm committed legal malpractice by not protecting her rights to collect from Rood one-half of his interest in his father’s estate. Maney moved for summary judgment, arguing that undisputed facts show that Maney did not breach his duty to his former client and that the statute of limitations barred Diaz’s claim. Specifically, Maney argued that the two-year time limit for Diaz to file a legal malpractice action began to run on April 4, 1996, when the final judgment of dissolution was entered. Ma-ney maintained that the final judgment’s incorporation of the marital settlement agreement, which explicitly stated that it superseded all other agreements between Diaz and Rood, put Diaz on notice of the unenforceability of Rood’s assignment to her of fifty percent of his inheritance from his father’s estate. It was at that point, according to Maney, that any cause of legal malpractice accrued.
 

 At the hearing on Maney’s summary judgment motion, the trial court inquired about the probate proceedings involving Rood’s father’s estate and the filing of Diaz’s claim based on Rood’s assignment. The attorneys responded that Diaz made a claim and that, following an objection by the estate, she filed a separate civil lawsuit against Rood.
 
 [3]
 
 The trial court further inquired as to why the statute of limitations did not start to run when the probate judge ruled the assignment invalid in the probate proceedings in 2000. Counsel for Diaz argued that the final determination that Rood’s assignment to Diaz of fifty percent of his inheritance from his father was invalid for lack of consideration was made in Diaz’s civil action against Rood, which was not final until it was affirmed on appeal. Counsel further pointed out that Diaz’s legal malpractice suit against Ma-ney was filed within two years of this court’s per curiam affirmance in
 
 Diaz II.
 

 The trial court allowed the attorneys to file supplemental written argu
 
 *315
 
 ments and then entered its order. In that order, the trial court stated:
 

 It appears to this court that Ms. Diaz specifically knew that there was a problem with the [marital settlement agreement] once she submitted a claim in the Rood, Sr., estate and the probate judge denied it. That action occurred in 2000, and started the running of the [statute of limitations] clock.
 

 There is nothing in the record before us, however, that supports a finding that in 2000 the probate court denied Diaz’s claim on Rood’s father’s estate. As such, the trial court’s finding that Diaz was made aware of possible negligence on Maney’s part at that time is not supported by competent, substantial evidence.
 

 Rather, the only evidence in the instant record of Diaz’s being made aware that the assignment prepared by Maney’s law firm was invalid was the trial court’s entry of summary judgment in her civil case against Rood. However, “a cause of action for legal malpractice does not accrue until the underlying legal proceeding has been completed on appellate review because, until that time, one cannot determine if there was any actionable error by the attorney.”
 
 Peat, Marwick, Mitchell & Co. v. Lane,
 
 565 So.2d 1323, 1325 (Fla.1990);
 
 see also Ramsey v. Jonassen,
 
 698 So.2d 581 (Fla. 2d DCA 1997). In the instant case, had this court reversed the trial court’s determination in Diaz’s civil suit that Rood’s assignment was unenforceable, Diaz would not have had a cause of action against Maney or his firm. However, when the determination that the assignment was unenforceable was affirmed by this court, a cause of action against Maney for negligent representation accrued. Then, and only then, did the statute of limitations begin to run.
 
 [4]
 
 Accordingly, the trial court erred in granting summary judgment on that basis, and we must reverse the trial court’s final judgment and remand the case for further proceedings.
 

 Reversed and remanded.
 

 KELLY and MORRIS, JJ., Concur.
 

 [1]
 

 . At the hearing on Maney's motion for summary judgment in the instant case, both Maney and the associate he had tasked to prepare the assignments testified that they believed the consideration was allowing Rood to move back into the marital home.
 

 [2]
 

 . This fact is alleged in the parties' pleadings and through argument of counsel; however, there is nothing in the record before this court that documents any probate proceedings or decisions.
 

 [3]
 

 . A reading of the transcript of the summary judgment hearing suggests that there was some confusion regarding whether the assignment was deemed invalid for lack of consideration in the probate proceeding or in Diaz’s civil suit against Rood. The attorneys advised the court that Judge Sexton had made the ruling. The confusion seems to arise from the fact that Judge Sexton presided over both the probate proceeding and the Diaz/Rood civil case. There is nothing in the record to indicate, however, that Judge Sexton ever ruled on the assignment in the probate proceeding.
 

 [4]
 

 . In so concluding, we are not expressing any opinion on the sufficiency of Diaz's claim for legal malpractice.