EMAS, J.
 

 Appellants Elsa Hinestrosa and TTI Export, Inc., appeal the trial court’s order dismissing with prejudice count one (legal malpractice) and count two (breach of fiduciary duty) of appellants’ complaint.
 

 These two claims arise from an earlier case in which appellees were retained to represent appellants in a federal proceeding regarding the seizure and forfeiture of $141,535.61. Appellants’ complaint alleged that the underlying forfeiture proceeding had terminated, and maintained this assertion throughout several years of litigation in the instant action. Appellees maintained that the underlying forfeiture proceeding had not yet terminated, and therefore these two causes of action had not yet accrued.
 
 [1]
 
 Appellees filed
 
 k
 
 motion for summary judgment and sought dismissal with prejudice of these claims.
 

 At the hearing on the motion, appellants conceded that in fact the underlying forfeiture proceeding had not yet terminated. The trial court granted Appellees’ motion and dismissed counts one and two with prejudice.
 

 While the trial court did not err in dismissing these counts (because the causes of action had not yet accrued), it did err in dismissing the counts with prejudice.
 
 [2]
 

 Affirmed in part, reversed in part, and remanded with instructions to enter dismissal of counts one and two without prejudice.
 

 [1]
 

 . "In claims for legal malpractice, Florida law is well-settled that redressable harm or injury is not established until the underlying legal proceeding giving rise to the malpractice claim has been finalized or completed by appellate review.”
 
 Clemente v. Freshman,
 
 760 So.2d 1059, 1061 (Fla. 3d DCA 2000).
 

 [2]
 

 . Appellants concede that count two (breach of fiduciary duty) is based on the same allegations as count one and would also require a termination of the underlying proceeding.